**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ENTERED**
**06/05/2013**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 09-30796** |
| **JEFFREY HARRIS,** | § | **Chapter 13** |
| Debtor(s). | § | **Judge Isgur** |
| | | |
| **IN RE:** | § | **Case No. 09-32318** |
| **PATRICIA ANN DAVIS,** | § | **Chapter 13** |
| Debtor(s). | § | **Judge Isgur** |
| | | |
| **IN RE:** | § | **Case No. 09-34770** |
| **TONYA STALSBY, GEORGE W** | § | **Chapter 13** |
| **STALSBY,** | § | **Judge Isgur** |
| Debtor(s). | § | |
| | | |
| **IN RE:** | § | **Case No. 09-38370** |
| **DONALD NELMS, DEBRA D NELMS,** | § | **Chapter 13** |
| Debtor(s). | § | **Judge Isgur** |
| | | |
| **IN RE:** | § | **Case No. 09-33800** |
| **CESAR A PICCINI,** | § | **Chapter 13** |
| Debtor(s). | § | **Judge Isgur** |
| | | |
| **IN RE:** | § | **Case No. 09-35431** |
| **TERRY JESSEE, MATILDA JESSEE,** | § | **Chapter 13** |
| Debtor(s). | § | **Judge Isgur** |
| | | |
| **IN RE:** | § | **Case No. 10-37775** |
| **JOHN HANKINS,** | § | **Chapter 13** |
| Debtor(s). | § | **Judge Isgur** |
| | | |
| **IN RE:** | § | **Case No. 10-37833** |
| **ANTHONY C THOMPSON,** | § | **Chapter 13** |
| Debtor(s). | § | **Judge Isgur** |
| | | |
| **IN RE:** | § | **Case No. 11-39468** |
| **KELVIN DOUGLAS,** | § | **Chapter 13** |
| Debtor(s). | § | **Judge Isgur** |
| | | |
| **IN RE:** | § | **Case No. 12-33389** |
| **GUILLERMINA WATTS-NUNEZ,** | § | **Chapter 13** |
| Debtor(s). | § | **Judge Isgur** |

## MEMORANDUM OPINION

Creditors have been required to attach various documents and records to their proofs of claim since before the adoption of the Bankruptcy Code in 1978.[1]  Federal Rule of Bankruptcy Procedure 3001 was amended, effective December 1, 2011, to provide for possible fee shifting against a claimant that failed to attach the required documents.

The Court now holds:

- The December 1, 2011 fee-shifting provisions apply to claims filed on or after December 1, 2011, whether the bankruptcy case was filed before or after December 1, 2011.

- The December 1, 2011 fee-shifting provisions do not apply to claims filed before December 1, 2011.

### Background

This Memorandum Opinion is being issued in a number of cases.  The cases have the following similarities:

- Each case was filed before December 1, 2011.

- Each case was filed when Rule 3001 and Official Form 10 required the attachment of supporting documents.

- The Debtors in each case were represented by the same law firm.

- The Debtors seek to impose fees against the claimant for noncompliance with Rule 3001.

- Each attempt at fee shifting is incorporated into a claim objection.

- Each objection to claim was accompanied by a declaration from the Debtor attesting to a basis for invalidity of the claim.

---

[1] *See In re Guardian Mortg. Investors,* 15 B.R. 284 (M.D. Fla. 1981) (attaching a copy of Official Form 15, which had an effective date of March, 1974).

The proofs of claim at issue were filed without any supporting documents.  Because the supporting documents were *always* required to be filed, it is plain that the proofs of claim did not comply with Rule 3001.

## Rule 3001 and Official Form 10

Rule 3001 generally governs the requirements for the filing of a proof of claim.  Even before the December 1, 2011 amendments, Rule 3001 required claimants to attach a copy of any writing that formed the basis of the claim.  FED. R. BANKR. P. 3001(c).  Proofs of claim must "conform substantially" to the appropriate Official Form.  FED. R. BANKR. P. 3001(a).  The "Official Form" referenced in Rule 3001 is Official Form 10.

Prior to December 1, 2011, the Official Form required the attachment of supporting documents "such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Official Form 10, par. 7.[2] Summaries were allowed.  *Id.*

The Official Form was substantially amended effective December 1, 2011.  Paragraph 7 continued to require attachment of supporting documents "such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements."  However, the provision allowing a summary was deleted from paragraph 7 of the Official Form.[3]

---

[2] The form was amended from time-to-time, including during the pendency of this case.  Paragraph 7 was not amended during the course of this case.

[3] Rule 3001 and Official Form 10 were again amended, this time effective December 1, 2012.  Although none of the proofs of claim at issue in this dispute were filed on or after December 1, 2012, the Court includes this footnote for completeness.  Under the December 1, 2012 amendments, an exception was made for claims based on open-end credit agreements, such as credit card agreements.  With the new amendments, claims that are based on open-end credit agreements are no longer required to file the credit agreement.  Instead, the credit agreement must be provided within 30 days if requested by a party in interest.  *See* FED. R. BANKR. P. 3001(c)(3).  However, the holder of the open-end claim must still file "an itemized statement of the interest, fees, expenses or charges" included in the proof

## Fee Shifting

The December 1, 2011 amendments to Rule 3001 include a provision[4] that allows for fee shifting.  The text of the new provision is:

> *If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:*
>
> > *(i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or*
> >
> > *(ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.*

FED R. BANKR. P. 3001(c)(iii)(D).

The Court interprets this provision as follows:

1.      The provision only applies to a creditor that fails to provide the information required by Rule 3001(c).

2.      Any remedy may be imposed only after notice and hearing.

3.      Use of the term "may" rather than "shall" indicates that the Court has discretion.

4.      One potential remedy is to prohibit the claimant from using the omitted information in any contested matter or adversary proceeding, unless the omission was substantially justified or harmless.

5.      Other appropriate relief may be imposed.

6.      An example of other appropriate relief is an award of reasonable expenses and legal fees (that is, fee shifting), so long as the reasonable expenses and legal fees were *caused* by the failure to include the information.

---

of claim.  FED. R. BANKR. P. 3001(c)(2)(A).

[4] This provision was retained in the 2012 amendments.

In each of these cases, the Debtors sought fee shifting. Inexplicably, the request for fee shifting was combined with an objection to the claim. This is, at best, an awkward use of this provision. If the Debtor has independent information sufficient to support a claim objection, it is difficult to see what legal fees were caused by the creditor's failure to include the information.[5]

It is certainly possible that the omission of the information caused counsel to spend additional research time to learn whether the claim was valid. In such a situation, fee shifting might be appropriate. This does not appear to be the situation here.[6]

The Court will not shift fees if the information was not required to understand the validity of the claim, or the defenses to the claim. In those instances, the fees were not "caused" by the omission of the information.

---

[5]  The Court recognizes that a claim objection may be filed on information and belief. In those instances, further investigation may be warranted and it may be appropriate to shift the cost of the further investigation. However, when an objection can be filed without conducting a further investigation, it will be a rare case in which fee shifting is justified. Two hypothetical examples may assist. In the first example, assume that the debtor knows that no payments or charges have been made on an open-end account during the applicable statute of limitations period. In that instance, the debtor can sign a declaration supporting a statute of limitations defense, and no further investigation is likely warranted. Fee shifting would likely not be appropriate. In the second example, assume that the debtor believes that no payments or charges were made during the applicable statute of limitations period, but has uncertainty in that belief. The objection to claim could be filed based on the debtor's information and belief. The objection would commence a contested matter under Rule 9014, invoking the discovery rules. Counsel could then send two requests for admission ("Admit that no charges were made on this account during the four year period preceding the petition date."; and, "Admit that no payments were received on this account during the four year period preceding the petition date."). The two requests for admission could be sent with a request for production of documents if either of the requests for admission was denied. Because this information should have been included with the original proof of claim, the cost of discovery might be shifted to the person filing the claim.

[6]  It appears that Debtor's counsel is attempting to use the fee-shifting provisions for the principal purpose of shifting the cost of a routine objection to claim. As set forth in note 5, there may be instances where the fee-shifting provisions would apply as part of an objection to claim. An obvious function of Rule 3001 is to require the creditor to file the information with the proof of claim so as to avoid the necessity of a debtor or trustee seeking the information through discovery or outside investigation. If a debtor or trustee is required to spend money to obtain the required information—even if the investigation ultimately proves the validity of the claim—fee shifting could be authorized under the Rule. Where the debtor determines that such additional investigation is unnecessary, fee shifting should not be authorized.

### Application of Amendments to Existing Cases

When Rule 3001 was amended effective December 1, 2011 and December 1, 2012, the amendments governed "all proceedings in bankruptcy cases thereafter commenced and, *insofar as just and practicable*, all proceedings then pending."(emphasis added).[7]

There are two categories of proofs of claim for which the Court must decide if the new provisions should be applied retroactively:

- Proofs of claim filed before December 1, 2011.

- Proofs of claim filed after December 1, 2011 in cases that were commenced prior to December 1, 2011.

Although there is some support for ordering fee shifting for proofs of claim filed before December 1, 2011, the Court ultimately concludes that it would not be "just" to do so.

The claimants willfully filed proofs of claim in violation of Rule 3001, which required supporting documentation even before the December 1, 2011 amendments.  In one sense, it would be just to require the noncompliant claimant to reimburse a debtor for legal fees caused by the noncompliance.

The Fifth Circuit previously addressed a roughly analogous situation. In *Mortgage Am. Corp. v. Bache Halsey Stuart Shields, Inc.,* 789 F.2d. 1146 (5th Cir. 1989), the Fifth Circuit approved retroactive application of a remedy contained in Rule 8010.   Rule 8010 had not been in effect when the party had violated the prior Rule 806.  Because the conduct violated Rule 806, the Fifth Circuit approved retroactive application of the remedy contained in Rule 8010.

The principles used to determine the retroactive application of amendments to procedural rules are the same as those used to determine retroactive application of amendments to federal

---

[7]   The amendments were adopted by Supreme Court Orders on April 26, 2011 and April 23, 2012, respectively.

statutes. *F.D.I.C v. Deglau,* 207 F.3d 153, 164 (3rd Cir. 2000). The retroactive application of an amendment "'ordinarily depends on the posture of the particular case.'" *Id.* (quoting *Landgraf v. USI Film Products*, 114 S.Ct. 1483, 1494 n.29 (1994)).

In *Landgraf,* the Supreme Court emphasized the need for a commonsense approach to retroactive application of a procedural rule:

> Of course, the mere fact that a new rule is procedural does not mean that it applies to every pending case. A new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime, and the promulgation of a new rule of evidence would not require an appellate remand for a new trial. Our orders approving amendments to federal procedural rules reflect the commonsense notion that the applicability of such provisions ordinarily depends on the posture of the particular case. See, e.g., …. ORDER AMENDING BANKRUPTCY RULES AND FORMS, 421 U.S. 1021 (1975) (amendments applicable to pending cases "except to the extent that in the opinion of the court their application in a particular proceeding then pending would not be feasible or would work injustice").

*Landgraf v. USI Film Products*, 114 S.Ct. 1483, 1494 n.29 (1994).

Although it is a close call, the Court concludes that the retroactive application of this Rule differs from the situation in *Mortgage America*. A commonsense view is that the removal of the safe harbor provisions of Rule 9011 (as explained below) would not produce the just result required by the Supreme Court. No similar concerns were present in *Mortgage America.*

Judge Houser, in a thoughtful opinion, opined that the amendments to Rule 3001 may be retroactively applied to cases that were filed before December 1, 2011, but only if the Court determines that it is "just and practicable" to apply it to the relief requested in a particular case. *In re Brunson,* 486 B.R. 759 (Bankr. N.D. Tex. 2013). However, *Brunson* did not consider whether to order fee shifting for any of the 28 claim objections filed. Instead, Judge Houser

explains that the differences in remedies between the amendment to Rule 3001 and the remedies before the amendment to Rule 3001 are not great. She correctly explains that—prior to the amendments—debtors could conduct discovery and seek fee shifting if a creditor refused to provide the requested information.

Judge Houser was not confronted with the persuasive defense now raised—whether proofs of claim filed before December 1, 2011 were governed by an alternative enforcement mechanism (principally, Rule 9011) that makes the retroactive application of the new rule unjust. The defense, of course, only applies to claims filed before December 1, 2011.

Prior to the 2011 amendments, there were several potential consequences of failing to file the required documents along with a proof claim. Rule 3001 provided (as it still provides) that a proof of claim filed in accordance with the rules has prima facie validity. FED. R. BANKR. P. 3001(f). It was commonplace for bankruptcy courts to determine that one consequence of the absence of documents was that the claim would not be given prima facie validity. *In re Brunson,* 486 B.R. 759 (Bankr. N.D. Tex. 2013).

Prior to December 1, 2011, claimants who failed to comply with Rule 3001 were also subject to potential fee shifting. That fee shifting was invoked through Rule 9011. Under Rule 9011, a creditor who failed to attach relevant documents could be liable for sanctions for filing a proof of claim without a proper investigation of the validity of the claim. *In re Wingerter,* 594 F.3d 931 (6th Cir. 2010). Rule 9011 fee shifting was not mandatory for a failure to comply with Rule 3001, but the failure to comply "might be a factor in determining whether a Rule 9011(b) violation has occurred." *In re Wingerter,* 594 F.3d 931 (6th Cir. 2010).

Under Rule 9011 (the bankruptcy equivalent of Rule 11), a noncompliant creditor must be notified and given 21 days to comply with Rule 3001. FED. R. BANKR. P. 9011(c)(1)(A). The

21-day notice letter was mandatory before a Court could order Rule 9011 fee shifting.  *In re Pratt,* 524 F.3d 580 (5th Cir. 2008).

Of course, there were other means of fee shifting available prior to the adoption of the 2011 amendments to Rule 3001.  The Court's inherent power to impose sanctions was preserved following the adoption of Rule 9011.  *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991).  The inherent power rests with bankruptcy courts as well as district courts.  *In re Yorkshire, LLC,* 540 F.3d 328 (5th Cir. 2008).  Nevertheless, the use of the Court's inherent sanctioning authority requires a showing of bad faith.  *In re Yorkshire, LLC,* 540 F.3d 328 (5th Cir. 2008).  The mere failure to attach documents is insufficient to establish bad faith, and the claimants would have had no reasonable expectation of the use of inherent sanctioning authority.  *See In re Wingerter,* 594 F.3d 931 (6th Cir. 2010).

The Court concludes that it would be unjust to apply fee shifting retroactively.  The Rules in effect at the time the proof of claim was filed provided a specific remedy in the form of Rule 9011.   The Fifth Circuit has held that the procedural protections afford by Rule 9011 are mandatory.

It was beyond the reasonable expectations of the parties that an absence of documents would result in fee shifting, at least before giving the claimant an opportunity either (i) to amend the claim by including the documents; or, (ii) to withdraw the offending claim.

However, after the new rules became effective, the reasonable expectations of the parties should have changed.  There is no injustice in ordering fee shifting if the creditor's failure to comply caused a Debtor to expend additional legal fees to evaluate the claim.

## Conclusion

As to each claim objection and request for fees, the parties must submit proposed orders that are consistent with this opinion.

For claims that were filed on or after December 1, 2011, the proposed orders should provide for the payment only of those legal fees incurred as a consequence of the failure to attach documents. If the parties cannot agree on the amount of the fees, then the proposed orders should provide for a hearing date obtained from the Court's Case Manager.

For claims that were filed before December 1, 2011, the proposed orders should give the claimant 21 days either to file an amended claim that includes the requisite documents or to withdraw the claim. The proposed orders should provide for fee shifting only if the claimant does not comply, and only to the extent that the fees were incurred as a result of noncompliance.

SIGNED **June 5, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE